# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>RTECH FABRICATIONS, LLC,<br><br>    Debtor. | Case No. 21-20048-NGH |
| JERRY CATT, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>RTECH FABRICATIONS, LLC, RANDALL ROBERTSON, and DRU-ANN ROBERTSON,<br><br>    Defendants. | Adv. No. 21-07002-NGH |

## MEMORANDUM OF DECISION

Plaintiff Jerry Catt, Jr. ("Plaintiff") filed this adversary proceeding seeking to except from discharge a debt owed by Rtech Fabrications, LLC ("Rtech") and obtain a judgment against the member/managers of Rtech, Randall Robertson and Dru-Ann

MEMORANDUM OF DECISION - 1

Robertson (collectively the "Robertsons"). Rtech seeks dismissal of Plaintiff's amended complaint as against it and the Robertsons.[1] *See* Doc. No. 6 ("Motion to Dismiss").

**FACTUAL AND PROCEDURAL HISTORY**

Rtech is a limited liability company ("LLC") operating in Coeur d'Alene, Idaho. It specializes in custom vehicle builds and modifications. Plaintiff contracted with Rtech from early 2016 through February 2020 to build and modify two custom vehicles. *See* Doc. No. 8 ("Amended Complaint"). Plaintiff's relationship with Rtech did not end well and Plaintiff filed a complaint in the District Court of the First Judicial District of the State of Idaho, Kootenai County ("State Court"), against Rtech and the Robertsons, alleging claims for breach of contract, fraud, and alter ego veil piercing. *Id*. The State Court subsequently entered an "Order for Issuance of Writ of Attached," attaching certain property owned by Rtech. *Id*. The next day, Rtech filed a chapter 11, subchapter V bankruptcy.[2]

Plaintiff's Amended Complaint seeks to except his claim against Rtech from discharge pursuant to § 523(a) due to fraud, breach of contract, and violation of the Idaho Consumer Protection Act.[3] *Id*. Plaintiff also seeks to "pierce the corporate veil" of Rtech by establishing Rtech was the alter ego of the Robertsons, and thereby hold the Robertsons personally liable to Plaintiff. *Id*.

---

[1] The Robertsons have not made an appearance in this adversary proceeding.

[2] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

[3] Plaintiff does not specify under which provisions of § 523(a) he is asserting his claim.

MEMORANDUM OF DECISION - 2

Rtech argues the Amended Complaint should be dismissed as to it due to Plaintiff's failure to state a claim. Doc. Nos. 6, 9. Namely, Rtech asserts Plaintiff has no cognizable legal claim because, as an LLC and not an individual, Rtech is not subject to the discharge exceptions found in § 523(a). Doc. No. 7 at 2. Additionally, Rtech seeks dismissal of the non-bankruptcy defendants—the Robertsons—due to a lack of subject matter jurisdiction. *Id.* at 9. The Court conducted a hearing on August 16, 2021, and thereafter took the matter under advisement. The following decision constitutes the Court's conclusions of law in resolving the Motion to Dismiss.

**DISCUSSION AND DISPOSITION**

    **A.**    **Motion to Dismiss for Failure to State a Claim**

        **1.**    **Legal Standard**

Rtech's Motion to Dismiss is premised upon Civil Rule 12(b)(6), made applicable here by Rule 7012(b). Civil Rule 12(b)(6) provides that a defendant may request dismissal of a plaintiff's complaint for "failure to state a claim upon which relief may be granted." When evaluating a Civil Rule 12(b)(6) motion, the Court must construe the allegations found in the complaint in the light most favorable to the plaintiff. *Torres v. Nicholas (In re Nicholas)*, 556 B.R. 465, 469 (Bankr. D. Idaho 2016). To survive a Civil Rule 12(b)(6) motion, the plaintiff must assert a plausible claim. *Beach v. Bank of America (In re Beach)*, 447 B.R. 313, 318 (Bankr. D. Idaho 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–58 (2007)). To be plausible, the claim must be based on "a cognizable legal theory." *Id.*

MEMORANDUM OF DECISION - 3

Here, as noted, Plaintiff asserts his claim against Rtech should be excepted from discharge pursuant to § 523(a) due to fraud, breach of contract, and violation of the Idaho Consumer Protection Act. However, the Court finds § 523(a), as applicable to subchapter V debtors through § 1192(2), applies only to individual debtors. As such, Plaintiff has not asserted a cognizable claim and the Court will grant the Motion to Dismiss as to Rtech.

### 2. Application of § 523(a)

Rtech filed a voluntary chapter 11, subchapter V bankruptcy petition. Subchapter V was created as part of the Small Business Reorganization Act of 2019 ("SBRA"). Pub. L. No. 116-54, 133 Stat. 1079 (2019). Under the SBRA, a small business debtor—which includes individuals, partnerships, and corporations—may seek confirmation of their plan either consensually or through the cramdown provision of § 1191(b). *See* 11 U.S.C. § 1191. If confirmed consensually, the debtor is entitled to a discharge pursuant to § 1141(d), which is the same discharge applicable in a chapter 11 bankruptcy case. *See* § 1181(c). Section 1141(d)(2) explicitly applies § 523(a) to only individual debtors. *See* § 1141(d)(2) ("A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."). A non-individual debtor's discharge in a chapter 11 case is generally all encompassing, and exceptions to discharge are limited. *See In re Spring Valley Farms, Inc.*, 863 F.2d 832, 834 (11th Cir. 1989) ("A corporate debtor is not an individual debtor for the purposes of Section 523."); *Yamaha Motor Corp. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985)

MEMORANDUM OF DECISION - 4

(concluding that applying § 523 to a corporate debtor would "render meaningless employment by Congress of the term 'individual'"); *In re MF Glob. Holdings, Ltd.*, 2012 WL 734175, at *3 (Bankr. S.D.N.Y. Mar. 6, 2012) (holding that "it is well-settled that Section 523 does not apply to corporate debtors.").

However, if a chapter 11, subchapter V plan is confirmed via the cramdown provision of § 1191(b), the debtor's discharge is governed by § 1192. Under § 1192(2), the debtor is granted a discharge "except any debt . . . of the kind specified in section 523(a) of this title." There is a question of whether § 1192(2)'s reference to § 523(a) applies only to individuals, or if it includes entity debtors, such as an LLC. Two bankruptcy courts have addressed this issue. In each case, the bankruptcy court found that the reference in § 1192(2) to § 523(a) only applies to individual debtors in subchapter V. *See Gaske v. Satellite Rests. Inc. Crabcake Factory USA (In re Satellite Rests., Inc. Crabcake Factory USA)*, 626 B.R. 871 (Bankr. D. Md. 2021); *Cantwell-Cleary Co., Inc. v. Cleary Packaging, LLC (In re Cleary Packaging LLC)*, 2021 WL 2667735 (Bankr. D. Md. June 29, 2021). The Court agrees with these decisions.

### a. Plain Language of Sections 1192 and 523(a)

First, the plain language of § 523(a) and § 1192 dictates that only an individual is subject to the discharge exceptions listed in § 523(a). When dealing with issues of statutory interpretation, the Court must first look to the language of the relevant statute. *Ransom v. MBNA Bank (In re Ransom)*, 380 B.R. 799, 806–07 (9th Cir. BAP 2007). In doing so, the Court considers "'the language itself, the specific context in which that

MEMORANDUM OF DECISION - 5

language is used, and the broader context of the statute as a whole.'" *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

Section 523(a) provides, in pertinent part, that "[a] discharge under section 727, 1141, **1192**, 1228(a), 1228(b), or 1328(b) of this title does not discharge an **individual** debtor . . .." Section 523(a) (emphasis added). Section 1192(2) in turn provides:

> If the plan of the debtor is confirmed under section 1191(b) of this title . . ., the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in this plan, except any debt—
> (1) . . .
> (2) **of the kind specified in section 523(a) of this title**.

Section 1192(2) (emphasis added). In construing both statutes, the courts in *Satellite Restaurants* and *Cleary Packaging* considered the importance of § 523(a)'s use of the word "individual" and the reference to § 1192. *Satellite Rests.*, 626 B.R. at 876; *Cleary Packaging*, 2021 WL 2667735, at *4.

In *Satellite Restaurants*, the court relied on the well-established canon of statutory construction that every word in a statute must be given effect, so as to avoid rendering any language superfluous. 626 B.R. at 876. By its own terms, § 523(a) only applies to individual debtors. Additionally, the court in *Satellite Restaurants* found that, in amending § 523(a) to include a reference to § 1192, Congress intended to limit the application of § 523(a) to individual debtors in subchapter V cases. *Satellite Rests.*, 626 B.R. at 876 ("Moreover, the reference to Section 1192 added to Section 523(a) by the SBRA must be given meaning, and the only reasonable meaning is that Congress

MEMORANDUM OF DECISION - 6

intended to continue to limit the application of the Section 523(a) exceptions in a Subchapter V case to individuals.").

Plaintiff asserts that "debts of the kind specified in section 523(a)" should be interpreted to reference those types of debts and should not be interpreted to mean "debtors of the kind." Doc. No. 11 at 12. Plaintiff argues § 1192(2)'s reference to § 523(a) should only act as a limitation on the types of debts excepted from discharge, not the types of debtors. *Id.* In other words, Plaintiff asks this Court to view § 1192(2)'s reference to § 523(a) as a reference only to the types of debt described in each of the 19 subsections of § 523(a). This reading of the statute, however, fails to account for § 523(a)'s reference to § 1192. *See Satellite Rests.*, 626 B.R. at 876. Further, if Congress wanted to specifically reference the types of debts described in each subsection of § 523(a), Congress could have easily done so by further refining the reference found in 1192(2) to "523(a)(1)-(19)." Congress chose not to do so. The Court therefore agrees with the interpretation set forth in *Satellite Restaurants* and *Cleary Packaging*. In order to give both § 523(a)'s reference to § 1192 and its reference to "individual" debtors effect, the statute must be interpreted to mean the exceptions listed therein to a debtor's discharge—including a discharge under § 1192—only apply to an individual debtor.

### b.  The Statutory Scheme Regarding Corporate Discharge

This reading of § 1192 and § 523(a) is most consistent with the overall statutory scheme of the Bankruptcy Code's discharge provisions and chapter 11 as a whole. *See Ransom*, 380 B.R. at 807 (quoting *United Sav. Ass'n of Texas v. Timbers of Inwood*

MEMORANDUM OF DECISION - 7

*Forest Assocs., Ltd.,* 484 U.S. 365, 371 ("The overall statutory scheme often clarifies a seemingly ambiguous provision because 'only one of the permissible meanings [of that provision] produces a substantive effect that is compatible with the rest of the law.'").

First, it is important to note that subchapter V is part of chapter 11. The corporate discharge under chapter 11 has been "strenuously protected." *Cleary Packaging*, 2021 WL 2667735, at *7 (citing *Mallinckrodt PLC v. City of Rockford (In re Mallinckrodt PLC)*, 2021 WL 2460227, at *4 (Bankr. D. Del. June 16, 2021)). The court in *Cleary Packaging* noted that "the Bankruptcy Act of 1898 included exceptions to discharge for certain corporate debtors." *Id.* at *5. Subsequently, in 1978, Congress rejected that approach and provided a more expansive discharge to corporate debtors in enacting the Bankruptcy Code, representing "an intentional and decisive change by Congress with respect to the scope of a corporate debtor's discharge." *Id.* Since 1978, Congress has limited the corporate discharge though § 1141(d)(6).[4] However, this limitation on the scope of a corporate debtor's discharge is itself very narrow and took eight years to become law.[5] *Cleary Packaging*, 2021 WL 2667735 at *7.

---

[4] "Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt—(A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of title 31 or any similar statute or; (B) for a tax or customs duty with respect to which the debtor—(i) made a fraudulent return; or (ii) willfully attempted in any manner to evade or to defeat such tax or customs duty." 11 U.S.C. § 1141(d)(6).

[5] Section 1141(d)(6) was first introduced in 1998 as part of the Consumer Bankruptcy Reform Act of 1998. H.R. 3150, 105th Cong. (1998). It did not become law until 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. P.L. 109-8, 119 Stat. 126 (2005).

MEMORANDUM OF DECISION - 8

Because subchapter V is part of chapter 11, its discharge provision must be interpreted consistent with chapter 11's overall statutory scheme.[6] Moreover, in passing the SBRA, Congress expressed no intention to further limit the scope of a non-individual's discharge in enacting § 1192. *Satellite Rests.*, 626 B.R. at 878 (citing 290 H.R. Rep. No. 116-171, at p. 8 (2019), https://www.congress.gov/116/crpt/hrpt171/CRPT-116hrpt171.pdf). When considering the priority placed on the corporate discharge and the difficulty Congress faced with passing even a limited exception, "the suggestion that Congress incorporated 19 new exceptions to discharge for small corporations in a bill that was introduced in April 2019, and signed into law by the President in April 2019, seems not only improbable but also contradicts years of bankruptcy law and policy." *Cleary Packaging*, 2021 WL 2667735, at *7.

When considering the plain language of § 523(a) and § 1192, as well as the history of the corporate discharge and overall statutory scheme of chapter 11, the Court finds that § 523(a)'s discharge exceptions only apply to an individual debtor and § 1192(2)'s reference to § 523(a) does not expand its applicability to entity debtors. Because Rtech is

---

[6] Plaintiff points to case law interpreting chapter 12's discharge provision, § 1228, as applying § 523(a) to non-individual debtors. *See New Venture P'ship v. JRB Consol., Inc. (In re JRB Consol., Inc.)*, 188 B.R. 373 (Bankr. W.D. Texas 1995); *Sw. Georgia Farm Credit, ACA v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms),* 2009 WL 1514671 (Bankr. M.D. Ga. May 29, 2009). However, the Court finds, consistent with the decisions in *Satellite Restaurants* and *Cleary Packaging*, that subchapter V is sufficiently distinguishable from chapter 12 to warrant different treatment. *See Cleary Packaging,* 2021 WL 2667735, at *4 n.9. Moreover, the Court does not find the statutory analysis set forth in the chapter 12 cases persuasive.

MEMORANDUM OF DECISION - 9

an LLC, and not an individual, Plaintiff has not presented a legally cognizable claim. As such, the Court will grant the Motion to Dismiss as to Rtech.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Court now addresses whether it has subject matter jurisdiction to adjudicate Plaintiff's claims against the Robertsons.

#### 1. Legal Standard

Any party, or the Court on its own initiative, may raise a federal court's lack of subject matter jurisdiction at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Here, Rtech invokes Civil Rule 12(b)(1) when arguing this Court lacks subject matter jurisdiction over the Robertsons.

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. Rtech makes such a facial attack, and the Court must therefore presume the factual allegations of the Amended Complaint to be true and construe them in the light most favorable to Plaintiff. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

#### 2. Jurisdiction

##### a. The Statutory Structure

Jurisdiction of bankruptcy courts is governed by statute. Congress conferred "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or

MEMORANDUM OF DECISION - 10

arising in or related to cases under title 11" on the federal district courts. 28 U.S.C. § 1334(b). Congress permits district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy courts. 28 U.S.C. § 157(a). In Idaho, the District Court has made such a referral. *See* General Order No. 349.

"'Arising under' and 'arising in' are terms of art." *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1076 (9th Cir. 1991). Proceedings arising under title 11 are those that are created or determined by a statutory provision of title 11. *Id.* (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96–97 (5th Cir. 1987)). "'[A]rising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id*. Proceedings "arising under title 11 or arising in a case under title 11" are "core" and, if referred, the bankruptcy court may enter final orders and judgment subject to review under 28 U.S.C. § 158.

In addition, a bankruptcy court "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). In such cases, however, unless the parties consent to the bankruptcy court entering final orders and judgments, the court must submit proposed findings of fact and conclusions of law to the district court, and final orders and judgments are entered by the district court after de novo review of those matters to which parties have objected. *Id*. To determine

MEMORANDUM OF DECISION - 11

the existence of related to jurisdiction over such non-core matters, the test adopted by the majority of the Circuit Courts of Appeals, and approved of by the Supreme Court, is

> whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy* . . .. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original); *see also Fietz v. Great W. Savs. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the *Pacor* test in the Ninth Circuit). In *Celotex Corp.*, the Supreme Court noted that although Congress intended the "related to" language to evidence a jurisdictional "grant of some breadth," it was not intended to be "limitless." *Id*. at 308.

### b.   The Claims Against the Robertsons Are Not Core

Plaintiff's claims against the Robertsons are based on breach of contract, violation of the Idaho Consumer Protection Act, fraud, embezzlement, and veil piercing, which would hold the Robertsons personally liable for Plaintiff's claim against Rtech. These claims do not "arise under" the Bankruptcy Code. These are not matters whose "existence depends on a substantive provision of bankruptcy law." *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010). Plaintiff's causes of action against the Robertsons are not "created or determined by a statutory provision of the Bankruptcy Code." *Id*. They therefore do not "arise under" the Code.

MEMORANDUM OF DECISION - 12

Further, Plaintiff's claims against the Robertsons do not "arise in" a bankruptcy case. The claims do not constitute an "administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum." *Ray*, 624 F.3d at 1131–33. In fact, there appears to be substantial overlap between Plaintiff's claims pending against the Robertsons in State Court and the claims Plaintiff advances against the Robertsons in this adversary proceeding. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is an 'otherwise related' or non-core proceeding." *Eastport Assocs.*, 935 F.2d at 1076 (quoting *Wood*, 825 F.2d at 97).

### c. The Claims Against the Robertsons Are Not "Related To"

In determining whether Plaintiff's claims against the Robertsons are "related to" the bankruptcy, the Court must determine whether the outcome of the adversary proceeding could conceivably have any effect on the estate being administered in bankruptcy. If there is no conceivable effect, then dismissal is required for lack of subject matter jurisdiction. Plaintiff's written response to the Motion to Dismiss does not address this Court's subject matter jurisdiction over the Robertsons, and therefore, does not identify a conceivable effect on the bankruptcy. *See* Doc. No. 11. When questioned on this matter at hearing, counsel for Plaintiff was unable to effectively articulate what conceivable effect there would be on the Rtech bankruptcy estate if Plaintiff prevailed on

MEMORANDUM OF DECISION - 13

his claims against the Robertsons.  Neither has the Court identified a conceivable effect on its own.  Accordingly, the Court determines that Plaintiff's claims against the Robertsons are not "related to" and dismissal is required.

**CONCLUSION**

The Court holds that an entity seeking discharge pursuant to § 1192 of subchapter V is not subject to the discharge exceptions found in § 523(a).  Additionally, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims against the Robertsons.  The Court will grant Rtech's Motion to Dismiss and enter an appropriate order dismissing the adversary proceeding.[7]

DATED:  September 15, 2021



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

---

[7] Rtech also filed a motion to strike a declaration filed by Plaintiff.  Doc. No. 14.  Given the Court's decision to grant Rtech's motion to dismiss, the motion to strike is moot, and the Court will deny the same.

MEMORANDUM OF DECISION - 14